# STEPHEN D. HANS
## & ASSOCIATES, P.C.
LABOR & EMPLOYMENT COUNSEL FOR OVER 30 YEARS

45-18 Court Square, Suite 403
Long Island City, New York 11101
T: 718.275.6700 • F: 718.275.6704

May 13, 2013

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: MAY 15 201[3]

VIA ELECTRONIC MAIL TO nathannysdchambers@nysd.uscourts.gov

Hon. Alison J. Nathan
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street, Room 615
New York, NY 10007

SO ORDERED: 5/15/13

/s/ Alison J. Nathan
HON. ALISON J. NATHAN
UNITED STATES DISTRICT JUDGE

Re: <u>Augusto Yallico, Pio Pio 34 Inc., Pio Pio Express Inc., Sipan Restaurant of New York Inc., et al. v. Pio Pio Riko Corp., Pio Pio Riko 996 Corp., Pio Pio Riko Astoria Inc., Pio Pio Riko Jamaica Inc., et al.
Case No. 13 Civ. 1616 (AJN)</u>

Dear Judge Nathan:

This firm represents the Defendants in connection with the above-referenced matter. I have diligently attempted to resolve this dispute with counsel for the Plaintiffs, Matthew L. Levine, Esq., without the need for judicial intervention. It seems that Mr. Levine and I have reached agreement on all material terms of a proposed settlement apart from the issue of attorney's fees.

Mr. Levine sent us a draft settlement on May 7, 2013, and the next day we agreed to all terms of the proposed settlement, apart from the provision on attorney's fees. Mr. Levine is seeking $38,357.50 in attorney's fees to settle this matter. I requested that Plaintiffs' counsel provide us with documentation of these exorbitant attorney's fees several times, which Mr. Levine has refused to provide.

The initial pretrial conference scheduled for 5/31/13 is adjourned sine die.

www.hansassociates.com

The sum of $38,357.50 seems disproportionate to the costs of preparing a complaint and cease and desist letters. In the interest of resolving this matter in an expedient fashion, I respectfully request that you conduct a hearing limited solely to the issue of attorney's fees so that this matter may be resolved in accordance with all other terms of Mr. Levine's proposed settlement.

Respectfully Submitted,

Stephen D. Hans, Esq. (SDH-0798)

cc: Matthew L. Levine, Esq.
    Law Offices of Matthew L. Levine
    Attorney for Plaintiffs
    565 Fifth Avenue, 7th Floor
    New York, New York 10017

**LAW OFFICES OF MATTHEW L. LEVINE, PLLC**
565 FIFTH AVENUE, 7TH FLOOR
NEW YORK, NEW YORK 10017
(212) 880-9517 (office)
(888) 239-0120 (fax)
*matt@matthewlevinelaw.com*
*www.matthewlevinelaw.com*

**By E-mail to NathanNYSDChambers@nysd.uscourts.gov**

May 14, 2013

The Honorable Alison J. Nathan
United States District Court
Southern District of New York
40 Foley Square, Rm. 2102
New York, NY 10007

Re:     *Augusto Yallico, Pio Pio 34, Inc., et al. v. Pio Pio Riko Corp., et al.*, 13-CV-1616 (AJN)

Dear Judge Nathan:

      This firm represents Plaintiffs in the above captioned action. We write to respond to yesterday's letter from Defendants' counsel, which requests that the Court conduct an unprecedented and unauthorized "hearing" on a settlement negotiation currently underway between the parties. The Court should deny this request.

      By way of background, Plaintiffs are the owners and operators of a well-known and successful group of restaurants in New York City, called "**Pio Pio**," that specialize in Peruvian cuisine. The first Pio Pio restaurant opened almost two decades ago, and there are now eight Pio Pio restaurants. Plaintiff Augusto Yallico is the owner of Registration No. 3,736,262, issued by the United States Patent and Trademark Office ("USPTO"), for the service mark "Pio Pio," to be used in connection with bar and restaurant services.

      Defendants are the owners and operators of a competing chain of Peruvian restaurants, which they call "**Pio Pio Riko**." By using this name in commerce, Defendants have been infringing on Plaintiffs' intellectual property and other rights to Plaintiffs' detriment and injury.

      Before commencing this action, Plaintiffs' counsel sent Defendants <u>two</u> cease and desist letters. Plaintiffs sent the first one on or about December 20, 2012. (Ex. A hereto.) Defendants ignored the letter.

      Plaintiffs then sent a second letter on January 28, 2013, clearly indicating that legal action would follow if no resolution was reached. (Ex. B hereto). Defendants again refused to cease using the infringing mark, and instead directed their counsel to threaten Plaintiffs with a litigation before the USPTO to cancel Plaintiffs' registered service mark. (Ex. C hereto.)

Plaintiffs thus were left with no choice but to commence this action seeking injunctive relief, damages, infringers' profits, attorney's fees, costs, and other remedies. (Dkt. No. 1.) Among other steps, Plaintiffs were compelled to hire a private investigator; conduct factual research; conduct legal research, including that which responded to Defendants' threatened litigation in the USPTO; take steps necessary to preserve potentially relevant documents; draft a complaint that accurately and compellingly laid out the facts; and serve the complaint on two individuals and five corporations -- all of whom are directly liable for the infringing conduct. All of this is standard diligence in a trademark litigation.

After Defendants retained new counsel, they engaged Plaintiffs in settlement negotiations, in recognition of the strength of Plaintiffs' case. Defendants also have engaged in the usual negotiating tactics, no doubt in an effort to achieve the best possible result for their clients, and despite having willfully infringed Plaintiffs' mark. While Defendants are entitled to negotiate as they see fit, as a result the negotiations have been prolonged, necessitating two adjournments of Defendants' time to answer.

While the parties have agreed in principle on a number of settlement terms, the amount of just compensation that Defendants should pay to Plaintiffs remains in dispute. It is not unusual for this to be a point of serious contention in settlement talks.

What is unusual, is for a party to apply to a federal court to intervene in settlement talks by conducting a "hearing" on an important term, because the moving party cannot achieve its preferred result in settlement talks. As the Court well knows, it lacks any such power: "It is well settled that a court cannot force a party to settle, nor may it invoke pressure tactics designed to coerce a settlement." *In re A.T. Reynolds & Sons, Inc.*, 452 B.R. 374, 382 (S.D.N.Y. 2011) (quoting *Kothe v. Smith*, 771 F.2d 667, 669 (2d Cir. 1985)). Nor may a court coerce a party into making an offer to settle. *Id.* (citing *Dawson v. United States*, 68 F.3d 886, 897 (5th Cir. 1995)). Yet that is what Defendants are effectively asking the Court to do.

Moreover, as the above-narrative demonstrates, <u>it is Defendants</u> who have caused Plaintiffs to incur attorney's fees and costs. Had Defendants ceased their infringing conduct after <u>either of Plaintiffs' cease and desist letters</u>, Plaintiffs' fees would be minimal. Now, after forcing Plaintiffs to prepare for, commence, and begin conducting a litigation, Defendants seek to force Plaintiffs to incur additional fees with an unspecified "hearing" before the Court.

Accordingly, the Court should deny Defendants' request summarily. If it pleases the Court, Plaintiffs will agree to a settlement conference with Your Honor or the assigned Magistrate.

Respectfully submitted,

Matthew L. Levine

Cc: Stephen D. Hans, Esq.

# EXHIBIT A



...AS T. HECHT, P.C.
...TTORNEY AT LAW
...HE AMERICAS, NEW YORK, NEW YORK 10020
(212) 245-5556
FAX (212) 956-7432

December 20, 2012

By Certified Mail,
Return Receipt Requested
Pio Pio Riko
4523 Greenpoint Avenue
Sunnyside, NY 11104

Pio Pio Riko
409 8th Avenue
New York, NY 10001-1804

Dear Sir/Madam:

We represent the owner of the PIO PIO trademark which is registered with the U.S. Patent & Trademark Office. We understand that you are infringing on the trademark and we demand that you immediately stop using the registered mark PIO PIO. We reserve all rights. Be guided accordingly.

Sincerely,

Leonard H. Hecht

# EXHIBIT B

**LAW OFFICES OF MATTHEW L. LEVINE, PLLC**
565 FIFTH AVENUE, 7TH FLOOR
NEW YORK, NEW YORK 10017
(212) 880-9517 (office)
(888) 239-0120 (fax)
*info@matthewlevinelaw.com*
*www.matthewlevinelaw.com*

**By E-mail (firm@patentlawny.com), Facsimile (973-767-1292) and Certified Mail (RRR)**

January 28, 2013

Michael J. Feigin, Esq.
103 The Circle
Passaic Park, NJ 07055

    Re:    *Pio Pio/Pio Pio Riko*

Dear Counsel:

    This firm represents Augusto Yallico, an individual, and related companies that own and/or possess the rights to the registered service mark Pio Pio (hereafter, the "Mark Users"). This responds to your facsimile communication of January 22, 2013 to Leonard Hecht, Esq., who also represents the Mark Users in connection with this matter.

    As an initial matter, your facsimile communication fails to provide any office address, e-mail or facsimile number for contacting you. In light of this I would be grateful if you would immediately confirm receipt of this correspondence, and also provide me the necessary contact information to reach you in the future should it be necessary. Additionally, please identify the person(s) and/or entity(ies) that you represent.

    The service mark Pio Pio has been in continuous use by one or more of the Mark Users since at least as early as September 1, 1994, in connection with the bar and restaurant services offered by such Mark Users. Additionally, Mr. Yallico owns federal Trademark Registration Number 3,736, 262 for the mark "Pio Pio" in connection with the provision of bar and restaurant services in International Class 43. A copy of the registration is attached hereto as Exhibit A.

    The Mark Users presently own and/or operate restaurants in the New York City metropolitan area, *i.e.*, four restaurants in Manhattan, three restaurants in Queens, and one restaurant in the Bronx, all of which specialize in Peruvian cuisine. Additionally, authorized users of the Pio Pio mark have been located in Florida and North Carolina. As you can no doubt appreciate, over a period of almost 20 years, the Mark Users have devoted significant amounts of time, money and effort to the development, support, promotion and use of the Pio Pio mark, such that the mark has achieved recognition in the marketplace and represents goodwill of significant value to the Mark Users.

Your client(s) are presently using the name "Pio Pio Riko" in connection with restaurants that offer Peruvian cuisine in at least six locations in the New York City metropolitan area, sited in Manhattan, Queens and Brooklyn. This mark is nearly identical to the Pio Pio mark, and is likely to cause confusion among consumers as to the origin of the bar and restaurant services offered by Pio Pio Riko by, among other things, causing consumers to mistakenly believe that the restaurants identified by the name "Pio Pio Riko" are connected or affiliated in some way with, and/or endorsed or approved by, the restaurants owned and/or operated by the Mark Users. Accordingly, your use of the name Pio Pio Riko constitutes, among other things, trademark infringement, unfair competition and dilution in violation of federal and state statutes and common law. Violations are punishable by, among other things, injunctive relief, damages, and attorney's fees.

Accordingly, the Mark Users again demand that your client(s) immediately cease and desist from using the name "Pio Pio Riko" (or any confusingly similar name) in connection with any bar or restaurant services including, but not limited to, Peruvian cuisine. We further demand that your client(s) (1) cease and desist from use of any menu or promotional literature using the name "Pio Pio Riko"; (2) cease and desist from use of any wait staff or other uniform or clothing using the name "Pio Pio Riko"; (3) cease and desist from use of the domain "piopioriko.com" or any similar domain; (4) cease and desist from use of the name "Pio Pio Riko" in connection with any social media, including but not limited to Facebook; and (5) confirm in writing that you have taken all such steps.

Additionally, we demand that your client(s) preserve all documents, including but not limited to electronically-stored information, possibly relevant to the use of the name "Pio Pio" or "Pio Pio Riko," including but not limited to financial documents of any person or entity that owns, controls or manages any Pio Pio Riko restaurant or entity.

We demand your client(s)' prompt response and agreement to the above terms within seven (7) days from the date of this letter. Failure to do so will result in more formal legal action with respect to your client(s). Please direct all future communications to my attention in this regard.

The statement of facts set forth herein is not intended to be, nor shall it be deemed, a full and complete statement of the facts in this matter. Further, this letter is without prejudice to the assertion of any and all rights and remedies of the Mark Users, all of which are hereby expressly reserved.

Very truly yours,

Matthew L. Levine

Cc: Leonard Hecht, Esq.

# Matthew L. Levine

| | |
|---|---|
| **From:** | patentlawnj@gmail.com on behalf of Michael J. Feigin, Esq. <firm@patentlawny.com> |
| **Sent:** | Monday, January 28, 2013 12:49 PM |
| **To:** | matt@matthewlevinelaw.com |
| **Subject:** | Fwd: Pio Pio/Pio Pio Riko |
| **Attachments:** | Matthew L Levine.vcf; 1.28.2013.Letter.Feigin.pdf |

Thanks Mr. Levine. Despite your letter, it looks like you found my email, phone, fax, and address just fine.

You have failed to answer the question as to when your client became aware of mine and it appears that your client acted in bad faith when it improperly registered in 2010, despite my client's open and notorious use of their mark for over a decade. My client is certainly not about to shut down four very established restaurants, and I can't imagine a court would ever order such a thing, either.

In view of the belligerence of your client, it appears that my client will be left with no choice but to file a Petition for Cancellation of your client's mark. If your client is interested in a settlement (e.g. disclaimers, concurrent use, or other) then let me know within 10 days. Otherwise, I'm going to advise my client to file the Petition for Cancellation before your client's mark becomes incontestable.


--
Thanks,
Michael J. Feigin, Esq.
Patent and Trademark Attorney
Tel: 212-316-0381 or 973-685-5280
PatentLawNY.com, PatentLawNJ.com


---
Confidentiality: This e-mail may contain privileged communications. If you have received this communication in error, please destroy all copies and contact the undersigned immediately.
---


---------- Forwarded message ----------
From: **Matthew L. Levine** <matt@matthewlevinelaw.com>
Date: Mon, Jan 28, 2013 at 12:29 PM
Subject: Pio Pio/Pio Pio Riko
To: firm@patentlawny.com
Cc: leonard.hecht@hechtlaw.com


Please see attached urgent correspondence.

1

# STEPHEN D. HANS
## & ASSOCIATES, P.C.
LABOR & EMPLOYMENT COUNSEL FOR OVER 30 YEARS

45-18 Court Square, Suite 403
Long Island City, New York 11101

T: 718.275.6700 • F: 718.275.6704

May 14, 2013

*VIA ELECTRONIC MAIL TO nathannysdchambers@nysd.uscourts.gov*

Hon. Alison J. Nathan
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street, Room 615
New York, NY 10007

  Re: <u>Augusto Yallico, Pio Pio 34 Inc., Pio Pio Express Inc., Sipan Restaurant of New York Inc., et al. v. Pio Pio Riko Corp., Pio Pio Riko 996 Corp., Pio Pio Riko Astoria Inc., Pio Pio Riko Jamaica Inc., et al.</u>
    <u>Case No. 13 Civ. 1616 (AJN)</u>

Dear Judge Nathan:

  This firm represents the Defendants in connection with the above-referenced matter. In light of the ongoing settlement negotiations in this matter, I would like to request a third extension of time in which to answer the complaint in this action, so as to avoid incurring additional legal fees on behalf of my client. The original deadline in which to answer was April 3, 2013, which date was adjourned to April 17, 2013, which date was again adjourned to May 16, 2013. Mr. Levine objects to this adjournment on the grounds that there is an "absence of an emergency situation involving counsel or client." I request an extension of two weeks, until May 30, 2013.

  As detailed in my letter to you yesterday, I have been diligently attempting to resolve this matter. All material terms of a settlement agreement have already been agreed upon by the parties, save the issue of attorney's fees. My client is willing to accept every other provision of the settlement agreement drafted by Mr. Levine apart from the Attorney's Fees provision.

Under the circumstances, filing an answer will result in my client sustaining unnecessary additional legal fees and wasting judicial resources. I am unable to make a counterproposal to Mr. Levine's demand because the amount of attorney's fees he is seeking is egregiously disproportionate under the circumstances. Contrary to Mr. Levine's contentions, he is the party who is employing stalling tactics. If Mr. Levine genuinely believes his attorney's fees are reasonable, he should be willing to submit same to the Court.

I believe that a telephone conference limited solely to the issue of attorney's fees is the most efficient way to resolve the dispute over attorney's fees, since all other material issues have already been agreed upon by the parties. I am prepared to file a Notice of Appearance in this case in a timely manner.

Respectfully Submitted,

Stephen D. Hans, Esq. (SDH-0798)

cc: Matthew L. Levine, Esq.

# LAW OFFICES OF MATTHEW L. LEVINE, PLLC

565 FIFTH AVENUE, 7TH FLOOR

NEW YORK, NEW YORK 10017

(212) 880-9517 (office)

(888) 239-0120 (fax)

matt@matthewlevinelaw.com

www.matthewlevinelaw.com

**By E-mail to NathanNYSDChambers@nysd.uscourts.gov**

May 14, 2013

The Honorable Alison J. Nathan
United States District Court
Southern District of New York
40 Foley Square, Rm. 2102
New York, NY 10007

Re: *Augusto Yallico, Pio Pio 34, Inc., et al. v. Pio Pio Riko Corp., et al.*, 13-CV-1616 (AJN)

Dear Judge Nathan:

This firm represents Plaintiffs in the above captioned action. Regrettably, we are compelled to respond to the new letter from Defendants' counsel (with which we strongly disagree), in order to correct a misstatement in that letter, of which the Court should be aware relative to Defendants' request for a third adjournment of time to answer the Complaint.

When Defendant's counsel requested a third adjournment of the time to answer yesterday, undersigned counsel subsequently responded as follows:

> As you know we have consented twice to an adjournment of Defendants' time to answer. If I recall correctly, the judge's most recent order indicated that she would permit no more adjournments of Defendants' time to answer. Therefore, in the absence of an emergency situation involving counsel or client, I believe I am compelled to abide by the Court's order. (Ex. A.)

Accordingly, we respectfully defer to the Court's discretion with respect to any further extensions.

Respectfully submitted,

Matthew L. Levine

Cc: Stephen D. Hans, Esq.

# EXHIBIT A

# Matthew L. Levine

**From:** Matthew L. Levine <matt@matthewlevinelaw.com>
**Sent:** Tuesday, May 14, 2013 2:34 PM
**To:** 'Jennifer Nath'
**Subject:** RE: Yallico v. Pio Pio Riko et al.

Jennifer – as you know we have consented twice to an adjournment of Defendants' time to answer. If I recall correctly, the judge's most recent order indicated that she would permit no more adjournments of Defendants' time to answer. Therefore, in the absence of an emergency situation involving counsel or client, I believe I am compelled to abide by the Court's order.
Matt

Law Offices of Matthew L. Levine, PLLC
565 Fifth Avenue, 7th Floor
New York, NY 10017
(212) 880-9517
matt@matthewlevinelaw.com
www.matthewlevinelaw.com

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized use or disclosure is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. IRS CIRCULAR 230 DISCLOSURE: Any U.S. tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.(FR08-i203d)

**From:** Jennifer Nath [mailto:jnath@hansassociates.com]
**Sent:** Monday, May 13, 2013 3:58 PM
**To:** 'Matthew L. Levine'
**Subject:** Yallico v. Pio Pio Riko et al.

Matt,

In light of our recent request for Judge Nathan to conduct a hearing on the issue of attorney's fees, Stephen wants to know if you are willing to consent to a second adjournment of the time in which to answer. He wants to avoid incurring additional attorney's fees on behalf of Pio Pio Riko if possible.

Thank you,


Jennifer