UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
                                                                 :
AUGUSTO YALLICO; PIO PIO 34 INC.;                                :
PIO PIO EXPRESS INC.; SIPAN                                      :
RESTAURANT OF NEW YORK INC.;                                     :
PIO PIO OCHO INC.; PIO PIO NYC, INC.;         : Civil Action No. 13-CV-1616 (AJN) (AJP)
POLLOS A LA BRASA PIO, PIO, INC.;                                :
PIO-PIO RESTAURANT, INC.; and                                    :
PIO PIO 85 INC.,                                                 :
                                                                 :
        Plaintiffs,                                              :
                                                                 :
            - vs. -                                              : ECF Case
                                                                 :
PIO PIO RIKO CORP.; PIO PIO RIKO 996                             :
CORP.; PIO PIO RIKO ASTORIA INC.;                                :
PIO PIO RIKO JAMAICA INC.; PIO PIO                               :
RIKO SEA CORP.; RITA S. BURGOS;                                  :
WALTER G. BURGOS; and                                            :
JOHN DOES 1 THROUGH 10,                                          :
                                                                 :
        Defendants.                                              :
-----------------------------------------------------------------x

## DECLARATION OF MATTHEW L. LEVINE IN SUPPORT
## OF PLAINTIFFS' MOTION FOR REINSTATEMENT
## OF THIS ACTION TO THE COURT'S DOCKET

MATTHEW L. LEVINE, hereby declares pursuant to 28 U.S.C. § 1746(2), as follows:

1.      I am an attorney licensed to practice before the courts of this State, and have been admitted to practice before this Court since 1991. I am counsel to Plaintiffs Augusto Yallico; Pio Pio 34 Inc.; Pio Pio Express Inc.; Sipan Restaurant of New York Inc.; Pio Pio Ocho Inc.; Pio Pio NYC, Inc.; Pollos a La Brasa Pio, Pio, Inc.; Pio-Pio Restaurant, Inc.; and Pio Pio 85 Inc. (together, "Plaintiffs). I respectfully submit this Declaration in support of the Plaintiffs' Motion for Reinstatement of this Action to the Court's Docket.

2.  By Order dated July 22, 2013 (the "July 22 Order"), the Court dismissed this action after the parties informed the Court that they had reached a settlement in principle. The July 22 Order provided, however, that "any party may reinstate the action within 10 days hereof if the settlement is not fully effectuated." (Dkt. No. 32) (Exhibit A hereto.)

3.  For the reasons discussed below, Defendants have failed to fully effectuate the settlement, thereby necessitating the reinstatement of this action to the Court's docket.

4.  The parties began negotiating a settlement of this action approximately three months ago, in or about April 2013.

5.  On July 12 and 13, the parties executed a Settlement Agreement and Mutual Release that seeks to fully resolve this action and the parties' disputes (the "Settlement Agreement"). The Settlement Agreement explicitly provides in Paragraph 5 that Defendants must ***immediately cease and desist*** from using the name "Pio Pio Riko" in the offering of restaurant and bar services to the public:

> (5) **No Use of Mark**: Immediately upon execution of this Agreement, Defendants shall cease and desist using the name "Pio Pio Riko" for any purpose, including but not limited to, for the purpose of offering bar and/or restaurant services. No Defendant, nor any entity owned, operated, controlled or managed, whether presently or in the future, by any Defendant (or any agent, assign, attorney, heir, successor, executors or administrator thereof), shall use the word "pio" (or any word that rhymes with or sounds like "pio," without regard to the language used) in the name of, or for use in commerce of, any entity or establishment, including but not limited to any entity or establishment offering bar and/or restaurant services. Without limitation, Defendants shall take all necessary and appropriate steps to cause any landowners and/or leaseholders to immediately cease and desist from using or displaying any signage containing the word "pio." (Settlement Agreement, ¶ 5.)

6.  Separately, Paragraph 6 of the Settlement Agreement requires Defendants to change the corporate name registered with the Secretary of State, for each entity currently registered under the name "Pio Pio Riko." To allow for the necessary time it may take administratively to change the corporate name with the Secretary of the State, the Settlement

2

Agreement requires that Defendants accomplish this name change within 60 days of the execution of the Settlement Agreement. (Settlement Agreement, ¶ 6.) This provision has no impact on Defendants' obligation to immediately cease and desist using the name "Pio Pio Riko" in promoting their restaurants to the public.

7. As relevant here, Paragraphs 2 and 3 of the Settlement Agreement require that, immediately upon execution of the Agreement, certain other conditions shall be fulfilled by Defendants. Defendants timely satisfied those other obligations on July 13, 2013.

8. Finally, the Settlement Agreement requires Plaintiffs to file with the Court a Stipulation of Dismissal With Prejudice, within seven days after Defendants have fully satisfied Paragraphs 2, 3 and 5 of the agreement, to wit:

> **Dismissal of the Action With Prejudice.** Within seven (7) days of the Defendants' full and complete satisfaction of Paragraphs 2, 3, and 5 above, Plaintiffs shall cause the Stipulation and Order of Dismissal With Prejudice annexed hereto as Exhibit D to be submitted to the court in the Action. (Settlement Agreement, ¶ 9.)

9. Thus, currently at issue here is Defendants' failure to effectuate Paragraph 5 of the Settlement Agreement, which requires Defendants to have ceased all use of the name "Pio Pio Riko" immediately upon full execution of the Settlement Agreement on July 13, 2013.

10. On July 16, 2013, three days after execution of the Settlement Agreement, Plaintiffs engaged a private investigator to confirm satisfaction of Paragraph 5. The private investigator visited four of Defendants' five "Pio Pio Riko" restaurants, located at: (a) 153-37 Hillside Avenue, Jamaica, NY; (b) 45-23 Greenpoint Avenue, Sunnyside, NY; (c) 996 Manhattan Avenue, Brooklyn, NY; and (c) 36-02 Steinway Street, Long Island City, NY.

11. According to the private investigator (who photographed the locations and obtained menus from within each), all of these restaurants continued to use the name "Pio Pio Riko" in connection with the provision of restaurant and bar services.

12. I immediately contacted Defendants' counsel upon learning of Defendants failure to satisfy Paragraph 5. On July 23, 2013, Defendants' counsel replied by e-mail:

"[a]pparently there was some confusion on my clients' part and they thought they had 60 days to change the name on the stores. *I have advised them to take immediate action to change the signage, etc.* (Emphasis supplied.)

13. On July 29, 2013, I wrote by e-mail to Defendants' counsel, asking for an update on the status of effectuating satisfaction of Paragraph 5. No response has been provided by Defendants' counsel as of the writing of this Declaration.

14. As described more fully above, the Settlement Agreement does not obligate Plaintiffs to file the Stipulation of Dismissal until and unless Defendants cease and desist from using the name "Pio Pio Riko" in commerce in connection with their restaurants. As of this date, Defendants continue to use this name. Accordingly, the settlement has not been fully effectuated; Plaintiffs are under no obligation to seek dismissal of this action; and the Court should reinstate this action.

15. For the foregoing reasons, Plaintiffs respectfully request that the Court:

(a) Reinstate this action to its docket;

(b) Award Plaintiffs the costs incurred in connection with this motion, including attorney's fees; and

(c) Award such other and further relief as is just and appropriate.

I declare under penalty of perjury that the foregoing is true and correct.

Executed in White Plains, New York, this 31st day of July, 2013.

_____
Matthew L. Levine

## CERTIFICATE OF SERVICE

      I, Matthew L. Levine hereby certify that, on July 31, 2013, I caused to be served (a) the Levine Declaration in Support of Plaintiffs' Motion to Reinstate the Action to the Court's Docket; and (b) the Notice of Motion to Reinstate the Action to the Court's Docket, upon the following, by filing electronically through the Court's ECF system:

Joseph M. Heppt, Esq.
260 Madison Avenue
New York, NY 10116
Tel: (212) 973-0839
Fax: (212) 973-0891
jmheppt@hepptlaw.com

                                              /s/ Matthew L. Levine
                                              Matthew L. Levine